CASE 58—PETITION EQUITY—APRIL 15.

# Boyd, Etc. v. Emmons' Administrator, Etc.

APPEAL FROM BATH CIRCUIT COURT.

1. LIS PENDENS—SUFFICIENCY OF ALLEGATION AND DESCRIPTION.—
Where in an equitable action for the settlement of a decedent's
estate it is alleged that it will probably be necessary to sell
some of the lands to pay the debts, and the will of the decedent
was filed as a part of the pleadings, which showed that certain
of the lands were devised to one of his sons and described in
a general way therein, and which lands were subsequently, dur-
ing the pendency of the action surveyed and the survey filed in
the action, there was a sufficient *lis pendens* to subject the lands
devised to the son in the hands of a third person to the payment
of that son's proportion of the decedent's debts.

2. LIS PENDENS—LACHES.—A continuous effort having been made to
settle the estate, which was delayed by numerous appeals to this
court from judgments of the circuit court, there was no such
laches as will prevent the subjection of the land devised to the
payment of the testator's debts.

3. PRACTICE IN CIVIL CASES.—The court may, for good reasons, direct
its commissioner to collect moneys due by devisees for the pay-
ment of their testator's debts, collected and disbursed by its
commissioner instead of the executor.

H. L. STONE FOR APPELLANTS.

1. If the 300 acres of land devised to Spencer Boyd, Jr., was liable to be subjected in the suit to settle Spencer Boyd's Sr., estate to the payment of the testator's debts to the extent of the contributive share of Spencer Boyd, Jr., then the title acquired by Banta was not absolute, but notwithstanding his purchase in another action brought to foreclose a mortgage the land held by 'him should be subjected to the satisfaction of the balance of the contributive share of Spencer Boyd, Jr., on the debts of the testator. Wickliffe v. Breckenridge, 1 Bush, 427; Thomas v. Southard, 2 Dana, 480.

2. While a *lis pendens* may be lost by neglecting to prosecute with reasonable diligence, excuse for the delay complained of is always available to keep up the *lis pendens*. Wickliffe v. Breckenridge, 1 Bush, 427.

WILLIAM H. HOLT ON SAME SIDE.

1. In order to constitute a valid *lis pendens* in an action it is not necessary that the pleadings or exhibits shall describe the land with the particularity required in an order of sale; but only such description is necessary as is calculated to put a reasonable person on inquiry. 13 Am. & Eng. Enc. of Law, p. 877.

2. The heirs of E. I. Boyd, are really the only appellants here, they being the only ones who have superseded the judgment, and they all were infants at the death of their father in 1874, and became of age pending the action to settle their grandfather's estate, and the plea of *laches* can not avail against them in any event.

R. GUDGEL & SON OF COUNSEL ON SAME SIDE.

(Brief not in record.)

KENNEDY & SON FOR APPELLEES.

1. The only allegation in the petition is that probably some of the land will have to be sold, and there is no description whatever of the land now sought to be subjected; this was not notice to anybody, and the omission to describe the land and to demand the specific relief makes the same fatally defective in that respect. Story's Equity Jurisprudence, vol. 1, pp. 449-50 and notes; Anderson's Law Dictionary, p. 633; Gossom v. Donaldson, 18 B. M., 237.

2. Banta did not purchase this land until sixteen years after the suit

to settle the estate had been filed, and during all that time no pleading had been filed, or steps taken, looking to the subjection of this land specially devised to Spencer Boyd, Jr., to the debts of Spencer Boyd, Sr.; and if the original petition had created a *lis pendens* there was such laches and negligence as will prevent its enforcement. Watson v. Wilson, 2 Dana, 406; Clarkson v. Morgan, 6 B. M., 447; Erham v. Kendrick, 1 Met., 149; Hawes v. Orr, 10 Bush, 433; Stone v. Connolly, 1 Met., 657; Jones v. Lusk, 2 Met., 359.

3. Banta bought the land from the court, was the accepted bidder of the court, made the payments with the consent and under the order of the court, and accepted a deed from the court, and is now entitled to the protection of the court. Macey v. Fenwick, 9 Dana, 198; Fenwick v. Macey, 2 B. M., 446; DeBell v. Foxworthy, 9 B. M., 231.

HANSON KENNEDY ON SAME SIDE.

1. There was no *lis pendens* in 1877 when Banta bought the three hundred acres of land, because there was no description of the land in the pleadings, and the facts alleged were insufficient to give the court jurisdiction to sell the land; the court must have the property in its grasp in order to create a *lis pendens*. Leavell v. Poore, 91 Ky., 324; Am. & Eng. Enc. of Law, vol. 13, pp. 877 and 882; Estee's Pleading, vol. 3, sec. 3971; Carrington v. Brentz, 1 McLean (U. S.), 167; Jones v. Lusk, 2 Met., 654; Newman v. Chapman, 14 Amer. Dec., p. 777 and notes; Miller v. Sherry (2 Wall.), 237; Waite's Actions and Defenses, vol. 7, 375.

2. But if the filing of the petition in 1862 created a valid *lis pendens*, the right to subject the three hundred acres of land has been lost by laches and negligence in the prosecution of this action; to render the decrees of courts binding upon purchasers—strangers to the proceeding—it is essential that there be a close and continuous prosecution of the suit with all reasonable diligence. Newman v. Chapman, 14 Am. Decs., 77 and notes; McGregor v. McGregor, 21 Iowa, 444; Watson v. Wilson, 2 Dana, 406; Clarkson v. Morgan, 6 B. M., 444; Hawes v. Orr, 10 Bush, 435; Gossom v. Donaldson, 18 B. M., 237; Ehrman v. Kendrick, 1 Met., 149.

KNOTT & EDELEN ON SAME SIDE.

1. The cross-petition is nothing more nor less than an action for contribution brought by devisees against another devisee without

making the creditor a party, and without an averment that the plaintiffs had paid their own or the defendant's share, and of course they can not maintain an action without the allegation that they had paid more than their due proportion of the joint obligation. Robinson v. Jennings, 7 Bush, 630; Martin v. Frantz, 14 A. State Reports, 859 (Pa.); Dupuy v. Johnson, 1 Bibb, 562; Bouvier's Law Dictionary, title Contribution.

2. For a *lis pendens* to affect real or personal property the pleadings must be so framed as to put the property itself in the court's grasp, make it subject to the decree itself, and the creation of the *lis pendens* dates from the filing of the pleading, which so describes the property. Stone v. Connelly, 1 Met., 652; Dudley v. Price, 10 Bush, 88; Mitford's Equity Pleading, 400; Jones v. Lush, 2 Met., 356; Pierson v. Keeley, 6 B. M., 130; Caldwell's heirs v. White, 4 Mon., 569; Hawes v. Orr, 10 Bush, 431; Leavell v. Poore, 91 Ky., 323; Rothchild's Admr. v. Kohn Bros. & Co., 14 Ky. Law Rep., 36; Wallace v. Marquette, 88 Ky., 131.

W. A. SUDDUTH ON SAME SIDE.

(Brief withdrawn.)

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This is the fifth appeal to this court from judgments of the Bath Circuit Court rendered in the progress of this litigation, and the particular question to be determined on this appeal is, whether the allegations of the original petition were sufficient to create a *lis pendens* against the real estate devised by Spencer Boyd, Sr., to his children, to secure the payment of his debts. It will be necessary to briefly review the facts of this litigation in order to understand the precise legal question involved upon the appeal.

Spencer Boyd, Sr., died testate, in 1862, leaving four children, who were his sons, E. I. Boyd, W. W. Boyd, Cyrus I. Boyd and Spencer Boyd, Jr., and two granddaughters, Helen Reynolds and Mary Biggstaff. The bulk of his estate was represented by divers tracts of land, amounting in the

aggregate to something over two thousand acres, all of which was specifically devised by his will except about twelve acres.  By the terms of the will the four sons were appointed executors, but E. I. Boyd alone qualified, and on the second of December, 1862, he instituted this suit in the Bath Circuit Court for a settlement of the estate, asking a reference to the master commissioner to ascertain the indebtedness of decedent, and for necessary orders to provide for payment thereof out of the devised estate.

The only averments of the petition which are important to the issue presented by this appeal are in this language:

"The plaintiff further states that it will be necessary to sell the slaves and probably some of the land, in order to raise money to pay the debts of the testator, and a marshalling of the assets and a contribution among the devisees will have to be made upon equitable principles." Followed by a prayer for special and general relief. The will of Spencer Boyd, Sr., was filed and made part of the petition, the ninth clause of which reads as follows:

"I give unto my son Spencer Boyd three hundred acres of land whereon I now live, including the tract conveyed to me by Thomas Sinclair, and that part formerly owned by Elijah Perry, Sr., and the tract conveyed by John Adams, so far as to make 300 acres as above named."

The devisees were all brought before the court in this suit and the case was referred to the master commissioner to ascertain and report the debts, and his report, filed in 1866, shows a large indebtedness and a small amount of personal estate, and the court entered a decree at that

·term to sell the land devised to C. I. Boyd to pay his debts, the great bulk of which was due to the estate of his deceased father.

W. W. Boyd, one of the children, had asserted a large number of claims against the estate of his father, amounting in the aggregate to exceeding $10,000, and had also sued out an attachment and sought to subject the estate of his brother, C. I. Boyd, to an individual debt due to him.

It became evident that it would be necessary to subject the landed estate devised to the children to contribution in order to discharge the indebtedness, and at the September term, 1866, the case was referred to the commissioner to report what real estate and personalty had been received by the devisees, with the view of ascertaining the amount of contribution which would have to be paid by each towards the extinguishment of the debts of the ancestor. In the meantime W. W. Boyd died and W. N. Smoot qualified as his administrator, and the case was revived in his name. At the March term, 1868, and at the September term, 1870, judgments were entered prorating the personal estate among the creditors and fixing the amount which each devisee would have to contribute to pay off the balance of this indebtedness. Appeals were taken to this court from the judgments entered in 1866, 1868 and 1870, and they were all reversed, in some particulars, by an opinion delivered on December 9, 1875.

W. N. Smoot, the administrator of W. W. Boyd, deceased, and Spencer Boyd, Jr., one of the devisees of the testator, filed numerous exceptions to the judgments and were parties to the appeals. As early as 1867 the land devised

to Spencer Boyd, Jr., was, by order of the court, allotted to him, and a survey of same was filed in this record. Upon the return of the case it was again referred to the commissioner to apportion the debts due by Spencer Boyd, Sr., among his heirs, on the basis pointed out by the opinion of this court, and pursuant thereto another commissioner's report was filed, upon which judgment was entered at the September term, 1882, from which judgment an appeal was prosecuted to this court, and was reversed in some particulars in an opinion rendered in 1888 (see 10 Ky. Law Rep., 85).

During the pendency of the appeal from the judgments of 1868 and 1870 Spencer Boyd, Jr., executed a mortgage upon the 300 acres of land devised to him, to W. N. Smoot, the administrator of W. W. Boyd, to secure a liability due to him individually for about $8,000, and a suit was subsequently brought by Smoot to foreclose this mortgage against Spencer Boyd, Jr., and in this suit, the land was sold and appellee Banta became the purchaser of the entire 300 acres for the amount of the mortgage debt, which the proof shows was much less than its value. The purchaser was a brother-in-law of Spencer Boyd, Jr., and it is worthy of note that Spencer Boyd, Jr., continued to occupy this land until his death in 1883.

The judgment of 1882 was rendered subsequently to the sale of this tract of land to Banta, and required the entire unpaid indebtedness of Spencer Boyd, Sr., to be paid by four devisees, upon the theory that not only C. I. Boyd but also Spencer Boyd, Jr., was insolvent. Spencer Boyd, Jr., was a party to the appeal from the judgment of

1882, and died pending that appeal in this court, and appellee Banta qualified as his administrator. After the reversal of that judgment by this court in 1888 appellants filed their answer and cross-petition seeking to have subjected the 300 acres of land devised to Spencer Boyd, Jr., to the payment of his proportion of the unpaid indebtedness due by Spencer Boyd, Sr., upon the ground that at the date of his mortgage to Smoot in 1874 there was a *lis pendens* against the land, and that appellee Banta, by his purchase at the judicial sale, acquired only the rights of a *pendente lite* purchaser and took the land subject to the right and power of the court to decree and enforce a sale of enough of the 300 acres of land to satisfy the portion of the indebtedness of Spencer Boyd, Sr., which had been adjudged to be the share of Spencer Boyd, Jr., as one of the devisees of the testator.

At the March term, 1890, the chancellor dismissed the petition of appellants, and adjudged that the land purchased by appellee Banta was not liable for any debts due by Spencer Boyd, Jr., as his proportion of the indebtedness of his father; and on this appeal we are asked to review that judgment.

Banta, the purchaser, makes two defenses: First, that the allegations of the original petition were insufficient to create a *lis pendens*, and that he was not a *pendente lite* purchaser; second, that even if he were a *pendente lite* purchaser the right to assert any claim against the 300 acres of land has been lost by reason of laches and negligence on the part of the personal representative of Spencer Boyd, Sr.

This record discloses that in the course of this tortuous and protracted litigation the children of Spencer Boyd, Sr., have all died and that three executors have been appointed to administer the estate, on account of vacancies created by death. The appellants are the heirs of E. I. Boyd, who died in 1874, and they became of age while this case was pending in this court from 1882 to 1888; and while this case has been before this court a number of times, the questions presented on this appeal have never been in issue before.

The question before us is whether the property devised to Spencer Boyd, Jr., by his father shall bear its proportion of his father's debts, or whether this indebtedness shall be borne by the children of the deceased brothers of Spencer Boyd, Jr.; and its determination depends upon whether a *lis pendens* against the 300 acres of land was created by the allegations of the petition in the suit brought for a settlement of the estate of Spencer Boyd, Sr.

The doctrine of *lis pendens* is, that real property, when it has been put in litigation by a suit in equity in which if it is specifically described, will, if the suit is prosecuted with vigilance, be bound by the final decree, notwithstanding any intermediate alienation; and one who intermeddles with property in litigation does so at his peril, and is as conclusively bound by the results of the litigation, whatever they may be, as if he had been a party from the outset. (See Tilton v. Cofield, 93 U. S., 168.)

Mr. Bennett, in his work on *lis pendens*, page, 153 says:

"It is essential to the existence of a valid and effective

[26]

*lis pendens* that three elements be present: First, the property must be of a character to be subjected to the rule; second, the court must have jurisdiction both of the person and the *res*; and third, the property or *res* involved must be sufficiently described in the pleadings."

And this definition of the learned writer is quoted with approval by this court in the case of Levell v. Poore, 91 Ky., 324.

The property in this case is real estate, and such has, from the earliest history of the doctrine of *lis pendens*, been the kind of property to which this rule of law applies. In the second place, the court had, by service of process, jurisdiction, not only of all the heirs at law, but also of Smoot, the mortgagee, in the conveyance made by Spencer Boyd, Jr., in 1874.

And the last and serious question for our consideration is, are the allegations of the original petition sufficient to subject the property, and was it sufficiently described in the pleadings? Suit was one to settle the estate of decedent. The allegations of the petition are, that the indebtedness greatly exceeded the personalty, and that it would probably be necessary to sell the real estate; and it asks for a marshaling of the assets and for a contribution from the devisees and for such orders as were necessary to accomplish these ends.

The will filed as an exhibit contains sufficient description of the 300 acres of land devised to Spencer Boyd, Jr., and long before his mortgage thereof to Smoot, on his motion the boundaries of the land were, by order of the court, definitely ascertained by survey, which was filed

in the action; and for purposes of description exhibits to pleadings which are made part of them are to be considered; and, whilst they are not sufficient to supply averments of a cause of action, wholly omitted from a pleading, yet they do aid a material averment defectively stated. And a *lis pendens* is created if the averments of a petition, taken in connection with the exhibits, are sufficient, if enough is alleged, to enable a party, upon reasonable inquiry, to identify the property and ascertain the object of the suit.

The legal maxim, that is certain which may be made certain, applies to the question as to whether property is sufficiently described as to create a *lis pendens*. The rule is that there is a *lis pendens* whenever there is enough in the proceedings to lead a vigilant mind to identify the property involved and to warn the world that they intermeddle at their peril. (See Am. & Eng. Enc., 13, page 877.)

The whole doctrine is elaborately discussed in the case of Murray v. Ballou, 1 Johnson's Chan., 572, in an opinion by Judge Kent, who says:

"The established rule is that a *lis pendens*, duly prosecuted and not collusive, is notice to a purchaser so as to affect and bind his interest by the decree; and the *lis pendens* begins from the service of the subpoena after the bill is filed. * * * And it would be impossible to mention any rule of law which has been established with higher authority or with more uniform sanction."

And in our opinion there was a *lis pendens* to subject this property to the payment of the debts of Spencer

Boyd, Sr., from the date of the institution of this suit. Nor has this right been lost by reason of any negligence or laches on the part of the representative of Spencer Boyd, Sr. The suit has been alive from the date of its institution. The numerous appeals taken to this court have been largely responsible for the extraordinary delay, as nearly half the time that has elapsed since the institution of the action has been consumed by such appeals. There has been a continuous effort to settle the estate of the testator, to ascertain the debts for which it was liable, and, after the appropriation of his personal estate to the payment of these debts, to compel his devisees to contribute ratably to the payment of the balance thereof; and there has been no such laches as exonerates the 300 acres of land, acquired during the pendency of this action by appellee Banta, from liability to contribute the proportion of these debts due by the estate of Spencer Boyd, Jr. He acquired by his purchase only the rights of a *pendente lite* purchaser, and as such is bound by the result of the litigation. The creditors of Spencer Boyd, Sr., and the appellants have an equitable lien upon the 300 acres of land in his possession, purchased at the judicial sale in 1877, to satisfy Spencer Boyd, Jr.'s proportion of his father's debts, and are entitled to have enough of this land sold in this action for that purpose, the amount of which seems to be correctly shown by the commissioner's report; and in our opinion the appellee Emmons, executor with the will annexed of Spencer Boyd, Sr., was authorized to have the suit revived in his name and to subject the real estate owned by Spencer Boyd, Sr., at his death to

the payment of his debts, the personalty being insufficient for that purpose.   But this does not necessarily require that the money shall be paid over to appellee Emmons in person; on the contrary, the court may, in its discretion for a good reason, direct its commissioner to collect the money due by the devisees and pay same directly to the creditors.

For the reasons assigned the judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.